UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
N-TRON CORPORATION,                               :
                                                  :
                              Plaintiff,          :
                                                  :
                       - against -                :
                                                  :
WARREN H. NICHOLSON, ROBERT A.                    :
NICHOLSON, THOMAS SHAW, KATHY S.                  :
NICHOLSON, and MARY S. NICHOLSON,                 :
                                                  :
                              Defendants.         :
                                                  :
                       - and -                    :    Case No. 12 Civ. 03568 (GBD)
                                                  :
WARREN H. NICHOLSON, ROBERT A.                    :
NICHOLSON, THOMAS SHAW, KATHY S.                  :    **ECF Case**
NICHOLSON, and MARY S. NICHOLSON,                 :
                                                  :
                              Counterclaim        :
                              Plaintiffs,         :
                                                  :
                       - and -                    :
                                                  :
WNE CAPITAL HOLDINGS CORPORATION,                 :
                                                  :
                              Intervenor-         :
                              Counterclaim        :
                              Plaintiff,          :
                                                  :
                       - against -                :
                                                  :
N-TRON CORPORATION,                               :
                                                  :
                              Counterclaim        :
                              Defendant.          :
-------------------------------------------------------------- X

## <u>JOINT PRE-TRIAL ORDER</u>

**I.    CAPTION**

   *i. The full caption of the action.*

   The full caption of the action appears above.

## II.    TRIAL COUNSEL

*ii. The names, addresses (including firm names), and telephone and fax numbers of trial counsel.*

For Plaintiff/Counterclaim Defendant N-Tron Corporation ("Plaintiff"):

> Rollin A. Ransom
> SIDLEY AUSTIN LLP
> 555 West Fifth Street, Suite 4000
> Los Angeles, CA 90013
> (213) 896-6000 Telephone
> (212) 896-6600 Facsimile
> rransom@sidley.com
>
> Colin J. Garry
> SIDLEY AUSTIN LLP
> 787 Seventh Avenue
> New York, NY 10019
> (212) 839-5300 Telephone
> (212) 839-5599 Facsimile
> cgarry@sidley.com

For Defendants/Counterclaim Plaintiffs and Intervenor-Counterclaim Plaintiff ("Defendants"):

> Douglas L. McCoy
> J. Hodge Alves, III
> HAND ARENDALL LLC
> RSA Tower
> 11 North Water Street, Suite 30200
> Mobile, AL 36601
> (251) 432-5511 Telephone
> (251) 694-6375 Facsimile
> dmccoy@handarendall.com
> halves@handarendall.com
>
> John R. Keough, III
> Casey Dean Burlage
> CLYDE & CO US LLP
> 405 Lexington Ave
> New York, NY 10174
> (212) 710-3900 Telephone
> (212) 710-3950 Facsimile
> john.keough@clydeco.us
> casey.burlage@clydeco.us

2

### III.   JURISDICTION

*iii.  A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.*

The parties agree that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### IV.   CLAIMS AND DEFENSES

*iv.  A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied upon.  Such summaries shall also identify all claims and defenses previously asserted which are not to be tried.*

### A.   Plaintiff's Claims And Defenses

1.   <u>Claims To Be Tried</u>

Plaintiff seeks damages, including prejudgment interest (*see* N.Y. CPLR § 5001(a)), costs of suit, attorneys' fees, and expenses, on its claim that Defendants breached the parties' Asset Purchase Agreement ("APA"), which is governed by New York law pursuant to a choice-of-law provision.  *See* N.Y. Gen. Oblig. Law § 5-1401.  Specifically, it will be shown at trial that Defendants breached the representations and warranties contained in sections 5.5, 5.11, 5.21, and 5.25 of the APA.

Plaintiff also seeks compensatory and punitive damages (*see* Ala. Code § 6-11-20), costs of suit, attorneys' fees, and expenses, on its claim for fraud, governed by Alabama law. Specifically, it will be shown at trial Defendants defrauded Plaintiff by concealing material facts and making false and/or misleading statements and representations regarding important business

information that was germane to Plaintiff's decision to enter into the APA, and that Plaintiff reasonably relied thereon to its detriment.

2.      Defenses To Be Tried

Defendants bring a counterclaim comprising four putative causes of action—seeking declaratory judgment essentially that Defendants did not breach the APA, and alleging that Plaintiff breached the APA, a Consultancy Agreement, and an Escrow Agreement.  *See* Defs.' Am. Ans. & Counterclaim (Dkt. 36, filed Nov. 20, 2012).[1]

Plaintiff denies generally Defendants' contentions, and maintains that Defendants will be unable to demonstrate at trial that Plaintiff breached any of the relevant agreements.

Plaintiff maintains that Defendants' counterclaim is barred because Defendants' fraudulent conduct, breaches of the relevant agreements, and breaches of the implied covenant of good faith and fair dealing excused Plaintiff's obligations under those agreements, and that Defendants' counterclaim is barred by the doctrine of unclean hands for similar reasons.

Plaintiff also maintains that Defendants' counterclaim is barred because Defendants have not suffered any damages.  To the contrary, any award to or recovery by Defendants in this action would be unconscionable, and constitute unjust enrichment.  Plaintiff further maintains that the doctrines of estoppel and waiver at least bar Defendants from asserting certain positions as to various evidentiary matters.

---

[1] Defendants previously also alleged causes of action for conversion, defamation, libel *per se*, and invasion of privacy, *see* Defs.' Ans. & Counterclaim (Dkt. 3, filed May 11, 2012), and in a separate complaint filed in this Court, also alleged claims for violation of the Computer Fraud and Abuse Act and "liability for alter ego and instrumentality of fraud," *see* Case No. 12 Civ. 5274 (GBD).  The Court subsequently dismissed all of those claims (including the separately-filed complaint in its entirety); although the dismissal was stated to be without prejudice (*see generally* Aug. 8, 2012 Hearing Tr. (Dkt. 27)), Defendants agreed that they would never pursue those claims in this or any other action (*see* Nov. 7, 2012 Hearing Tr. at 6-11 (Dkt. 38)).

Plaintiff maintains that the cause of action for declaratory judgment in Defendants'
counterclaim fails to state a claim as a matter of law, for at least two reasons.  First, Defendants
inappropriately seek prospective declaratory relief solely based on alleged harm and conduct that
already has occurred, in the past.  *See Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir.
2012) ("To obtain *prospective* relief, such as a declaratory judgment . . . , a [party] cannot rely
solely on past injuries; rather, the [party] must establish how he or she will be injured
prospectively and that the injury would be prevented by the equitable relief sought.") (emphasis
in original; collecting cases); *see also*, *e.g.*, *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 407-
08 (S.D.N.Y. 2010); *S.E.C. v. Credit Bancorp, Ltd.*, 738 F. Supp. 2d 376, 388-89 (S.D.N.Y.
2010).  Second, the declaratory judgment Defendants seek neither serves a useful purpose nor
offer relief from uncertainty, because adjudication of the other causes of action comprising
Defendants' counterclaim necessarily will settle the issues for which the declaratory relief is
sought.  *See*, *e.g.*, *Chiste*, 756 F. Supp. 2d at 407-08; *Amusement Indus., Inc. v. Stern*, 693 F.
Supp. 2d 301, 311-12 (S.D.N.Y. 2010) (collecting cases).[2]  In all events, Plaintiff maintains that
Defendants are not entitled to declaratory relief against Plaintiff, and that Defendants will be
unable at trial to demonstrate the bases for any such relief.

Finally, Plaintiff maintains that the cause of action in Defendants' counterclaim for
breach of the APA also fails to state a claim, because it is entirely duplicative of Defendants'
separate cause of action for breach of the Escrow Agreement—indeed, the sole basis for
Defendants' APA breach claim is their allegation that Plaintiff breached the Escrow Agreement.[3]

---

[2] In previously denying Plaintiff's motion to dismiss Defendants' cause of action for declaratory
relief without prejudice, the Court recognized these principles, and observed that Defendants'
"declaratory judgment claims do appear to be unnecessary."  Nov. 7, 2012 Hearing Tr. at 28
(Dkt. 38); *see also id.* at 18-24.

[3] The Court recognized that Defendants' pursuit of both breach claims is "the definition of

In denying Plaintiff's motion to dismiss without prejudice, the Court urged that "the two separate breach of contract claims based on the two agreements . . . can be probably simply . . . addressed by the Court, if not resolved by the parties as to whether or not it makes sense to keep any of those as separate counterclaims."  Nov. 7, 2012 Hearing Tr. at 29 (Dkt. 38).  Since Defendants have declined to resolve or cure their problematic, duplicative counterclaim pleading, Plaintiff maintains that it should be "addressed by the Court," as a matter of law.

### B.   Defendants' Claims And Defenses

#### 1.   Defendants' Defenses to Plaintiff's Claims

Defendants did not fail to disclose material facts and circumstances concerning GE's qualification of an additional supplier. Further, GE had not qualified Hirschmann as an alternate supplier at the time of the execution of the APA. Defendants dispute that their disclosure of GE's second source initiative in the APA and under the circumstances existing was less than adequate and contend that their disclosure regarding GE's second source initiative was more than adequate.  Plaintiff was aware of the potential second sourcing by GE.

Defendants maintain that Plaintiff's claims are barred because of Plaintiff's own fraudulent conduct and because of Plaintiff's own breaches of the APA.  Defendants further contend that the doctrines of estoppel, waiver and/or unclean hands bar Plaintiff at least from making or pursuing certain contentions made in this case and/or bar Plaintiff from asserting certain positions as to various evidentiary matters.

Plaintiff's fraud claim is also barred because it is duplicative of Plaintiff's breach of contract claim and/or is barred by the Economic Loss Doctrine.

---

duplicative . . . like saying I murdered you, so you're going to sue me for murder and sue me for assault."  Nov. 7, 2012 Hearing Tr. at 12-13 (Dkt. 38); *see id.* at 16 (noting that "ultimately this is not an appropriate way to present this, as two separate [breach] claims and two separate factual disputes . . . [as] we're getting ready to go to trial").

Plaintiff has not suffered any damages as a result of Defendants' alleged breach, alleged misrepresentation or alleged material omission. Furthermore, Plaintiff's own actions contributed to and resulted in any perceived loss of revenues or lost profits. To the extent Plaintiff is entitled to damages, damages are contractually capped by the APA.  Plaintiff has also failed to mitigate its damages and cannot or should not be awarded punitive damages based upon the numerous grounds set out in Defendant's affirmative defenses. Plaintiff has shown no reliable proof of damages.  Any award of damages to Plaintiff in this case would be unconscionable and constitute unjust enrichment.

Plaintiff is not entitled to lost profits for its fraud allegations. Even if Defendants are found liable for fraudulent statements, their actions were not willful or wanton.

Plaintiff failed to perform its obligations under the specific terms of the Escrow Agreement, including by failing to submit a proper notice of claim, by failing to specify the method of calculation used for computing its claims, or by setting forth the specific amount of its claims, which thus bars Plaintiff's claims.

Defendants had no obligation to disclose the Siemens patent to Plaintiff and Defendants did not fail to disclose material facts about any patent infringement, particularly since there was no patent infringement nor any assertion of patent infringement prior to Plaintiff's acquisition of the assets of N-Tron Corp. (or afterward, for that matter).

Plaintiff's claims against any defendant other than Warren Nicholson should be dismissed because the other defendants lacked authority to bind the corporation or to be liable for the corporation's obligations, if any.

2.      <u>Defendants' Claims against Plaintiff</u>

Defendants seek a declaratory judgment against Plaintiff determining that the claims made by Plaintiff in its January 19, 2011 letter to the Escrow Agent have no legal merit and are void; that Plaintiff is not entitled to any damages or indemnification under the APA for alleged losses related to Defendants' failure to obtain a CCC mark relating to the marketing, sale, and distribution of 87 specific WNE products; that Plaintiff is not entitled to any damages or indemnification under the APA for alleged losses relating to Plaintiff's claim that WNE and Nicholson breached the Consultancy Agreement; that JPMorgan Chase Bank N.A. be ordered to release all Escrowed Funds held by it; and that Defendants be awarded their costs, expenses, and attorneys' fees incurred in seeking the declaratory judgments and incurred in defending and prosecuting this case.

Plaintiff has breached the APA by failing to honor its obligations in the APA, including the relevant provisions in the Escrow Agreement. Finally, Plaintiff has breached the Escrow Agreement by failing to comply with its terms.

Plaintiff has also breached the Consultancy Agreement between Plaintiff and Nicholson.

3.      <u>Claims and Defenses previously asserted which are not to be tried</u>

None.

**V.      TRIAL INFORMATION**

*v.  A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.*

The parties agree that this case is to be tried without a jury, and is estimated to last 6-8 days.

## VI.    MAGISTRATE JUDGE CONSENT

*vi.  A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).*

The parties have not consented to trial of the case before a magistrate judge.

## VII.    STIPULATIONS

*vii.  Any stipulations or agreed statements of fact or law that have been agreed to by all parties.*

1.    Plaintiff N-Tron Corporation ("Plaintiff"), a Delaware corporation, N-Tron Corp., an Alabama corporation ("Old N-Tron Corp."), and defendants Warren H. Nicholson ("Nicholson"), Robert A. Nicholson, Thomas Shaw, Kathy S. Nicholson, and Mary S. Nicholson entered into an Asset Purchase Agreement ("APA") as of August 20, 2010, pursuant to which N-Tron Corporation was to purchase substantially all of the business and operations of Old N-Tron Corp. at the closing of the transaction covered by the APA.  *See* Ex. 101.  The transaction closed on or about September 30, 2010.

2.    On Plaintiff's side, the APA was negotiated by representatives of Red Lion Controls, Inc. ("Red Lion") and its ultimate UK parent, Spectris plc ("Spectris").

3.    Defendants Robert A. Nicholson, Thomas Shaw, Kathy S. Nicholson, and Mary S. Nicholson:  were not involved, in any capacity, in either drafting of the APA or the negotiations leading to its execution and closing; in signing the APA, relied exclusively and entirely on defendant Nicholson as to the veracity of any and all representations and warranties made therein on behalf of Old N-Tron Corp. and its shareholders; conducted no investigation respecting any of those representations and warranties and have no independent information respecting the truth or falsity of those representations and warranties; and, accordingly, have no

knowledge regarding and cannot testify to the veracity of any of the representations and

warranties made to Plaintiff on behalf of Old N-Tron Corp. and its shareholders either in the

APA itself or in the negotiations leading to its execution and closing.  *See* Pl.'s Ex. __ (Dkt. 57

& Exs. 1-4 thereto).

       4.      Plaintiff's contract claim is governed by New York law.

       5.      Plaintiff's fraud claim is governed by Alabama law.

       6.      There is no dispute as to the existence of the APA which is the basis of Plaintiff's

contract claim.

       7.      There is no dispute as to the existence of the Escrow Agreement which is the

basis of claims made by Defendants against Plaintiff.

       8.      Defendants' claim related to the Escrow Agreement is governed by New York

law.

       9.      There is no dispute as to the existence of the Consultancy Agreement which is the

basis of claims made by Defendants against Plaintiff.

       10.      Defendants' claim related to the Consultancy Agreement is governed by Alabama

law.

## VIII.   WITNESSES

      *viii.  A statement by each party as to the witnesses whose testimony is to be offered in its*

*case in chief, indicating whether such witnesses will testify in person or by deposition.*

### A.    Plaintiff's Witness List

      The following is a list of those witnesses that Plaintiff/Counterclaim Defendant currently

intends to call in its case-in-chief (either or both in connection with its claims or Defendants'

counterclaims), as well as the method by which Plaintiff/Counterclaim Defendant currently intends to present the testimony of each such witness.

| No. | NAME | LIVE *or* BY DEPOSITION |
|---|---|---|
| 1 | Margaret Bullock | Live |
| 2 | James Burnette | Live |
| 3 | Scott Friedland | Live |
| 4 | Scott Gibbs | Live |
| 5 | Mike Granby | Live |
| 6 | Ann Marie Monahan | By Deposition |
| 7 | Jeremy Morcom | Live |
| 8 | Warren Nicholson | Live & By Deposition |
| 9 | John O'Higgins | Live |
| 10 | Perry Printz | Live |
| 11 | Marshall Seaborn | Live |
| 12 | Roger Stephens | Live |
| 13 | Gordon Stevens | Live |
| 14 | Amanda Strong | By Deposition |
| 15 | Dan Tappe | Live |

**B.     Defendants' Witness List**

| No. | NAME | LIVE *or* BY DEPOSITION |
|---|---|---|
| 1 | Roger Stephens | Via Deposition |
| 2 | Jeremy Morcom | Via Deposition |
| 3 | Scott Gibbs | Via Deposition |
| 4 | Michael Granby | Via Deposition |
| 5 | Diane Davis | Via Deposition |
| 6 | Richard Whitehurst | Via Deposition |
| 7 | Warren Nicholson | Live |
| 8 | Ann Marie Monahan | Via Deposition |
| 9 | Amanda Strong | Via Deposition |
| 10 | John O'Higgins | Via Deposition |
| 11 | R. Larry Johnson | Live |
| 12 | Robert A. Nicholson | Via Declaration |
| 13 | Kathy S. Nicholson | Via Declaration |

| No. | NAME | LIVE *or* BY DEPOSITION |
|-----|------|-------------------------|
| 14 | Mary S. Nicholson | Via Declaration |
| 15 | Thomas Shaw | Via Declaration |

## IX.    DEPOSITION TESTIMONY

*ix.  A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.*

A list of Plaintiff's deposition designations, with Defendants' objections thereto, along with a list of codes used in Plaintiff's objections to Defendants' deposition designations and rebuttal designations, as well as in Plaintiff's objections to Defendants' counterdesignations, are attached hereto as Exhibit A.

A list of Defendants' deposition designations, with Plaintiff's objections thereto, is attached hereto as Exhibit B.

## X.    EXHIBITS

*x.  A list by each party of exhibits to be offered in its case in chief, with one asterisk indicating exhibits to which no party objects on grounds of authenticity, and two asterisks indicating exhibits to which no party objects on any ground.*

A list of Plaintiff's exhibits, with one asterisk indicating exhibits to which no party objects on grounds of authenticity, and two asterisks indicating exhibits to which no party objects on any ground, is attached hereto as Exhibit C.

A list of Defendants' exhibits, with one asterisk indicating exhibits to which no party objects on grounds of authenticity, and two asterisks indicating exhibits to which no party objects on any ground, is attached hereto as Exhibit D.

Dated: New York, New York
        September 8, 2014

Respectfully submitted,

HAND ARENDALL LLC

SIDLEY AUSTIN LLP


By: */s/ Douglas L. McCoy*
    Douglas L. McCoy
    J. Hodge Alves, III
    Jennifer S. Morgan
    K. Megan Brooks
    RSA Tower
    11 North Water Street, Suite 30200
    Mobile, AL 36602
    (251) 432-5511
    dmccoy@handarendall.com

By: */s/ Colin J. Garry*
    Colin J. Garry
    787 Seventh Avenue
    New York, NY 10019
    (212) 839-5300
    cgarry@sidley.com

    Rollin A. Ransom
    555 West Fifth Street, Suite 4000
    Los Angeles, CA 90013
    (213) 896-6000

    *Attorneys for Plaintiff*

CLYDE & CO US LLP

    John R. Keough, III
    Casey D. Burlage
    405 Lexington Ave
    New York, NY 10174
    (212) 710-3900

*Attorneys for Defendants/Counterclaimants*


SO ORDERED:


_____
Hon. George B. Daniels
United States District Judge

13